Filed 10/2/24  P. v. Aparicio CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083407 |
| v. | (Super. Ct. No. RIF1902575) |
| JACQUELINE APARICIO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Stephen J. Gallon, Judge. Affirmed.

Benjamin Kington, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

I.

INTRODUCTION

Defendant and appellant Jacqueline Aparicio appeals the sentence imposed after this court affirmed her judgment of conviction, vacated her sentence in part, and remanded the matter for resentencing. Appointed counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436, requesting this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. In addition, defendant has had an opportunity to file a supplemental brief with this court and has not done so. After reviewing the record, we find no arguable error that would result in a disposition more favorable to defendant and affirm.

II.

FACTUAL AND PROCEDURAL BACKGROUND[1]

Defendant and 10 cohorts believed a residential property had a large amount of cocaine and decided to burgle it around 3:00 a.m. They all wore ski masks and some of them carried guns, one of which was an AK-47. Defendant was supposed to be the lookout, but she ended up taking items from the property. (*Aparicio I*, *supra*, E077421.)

A.N. lived in the "side house" on the property with her nine-year-old daughter. Two of the burglars broke a window and entered the side house and began threatening to rape A.N.'s daughter if she did not tell them "where the money was." (*Aparicio I*, *supra*,

_____

[1] We take judicial notice of our prior opinion from defendant's first appeal in case No. E077421. (See *People v. Aparicio* (Feb 23, 2023, E077421) [nonpub. opn.] (*Aparicio I*).) The factual background is taken from *Aparicio I*.

2

E077421.)  They continued threatening A.N. with raping her daughter and making A.N. watch.  The burglars put guns to the heads of A.N. and her daughter and forced them to walk to the "main house" on the property.  (*Aparicio I*, *supra*, E077421.)

The burglars gathered everyone they found on the property and forced them to a bedroom in the main house, where they stayed for two to three hours.  The burglars ransacked the house and kept yelling at the victims to tell them "where the safe was." (*Aparicio I*, *supra*, E077421.)

The burglars forced M.N., who was pregnant, and her eight and three-year-old sons onto a mattress.  One of the burglars threatened "to take the little girls and kill them."  (*Aparicio I*, *supra*, E077421.)  One of them grabbed M.N.'3 three-year-old son and began a "tug-o-war" with M.N. over him.  The burglar then threatened to "take him" if the victims did not say where the safe was.  (*Aparicio I*, *supra*, E077421.)  M.N. and her children were terrified, "hysterical," crying, and screaming, M.N. pled with the burglars not to hurt her boys.  (*Aparicio I*, *supra*, E077421.)

The burglars grabbed M.N.'s three-year-old from her, held him by his ankles, and shook him.  M.N. kept yelling to "leave the kids alone."  (*Aparicio I*, *supra*, E077421.) The burglars then hit M.N., and then hit her husband and her 17-year-old nephew in the head with the butt of their rifles with "full-on strength."  (*Aparicio I*, *supra*, E077421.) One of the burglars told the nephew, "If you guys don't start telling me, I'm gonna start taking the kids one by one."  (*Aparicio I*, *supra*, E077421.)

The burglars then told the victims to stay put and that "if you guys move, we'll shoot." (*Aparicio I*, *supra*, E077421.) The burglars stole M.N.'s truck, but she did not try to stop them because she was caring for her children and did not care what they took. (*Aparicio I*, *supra*, E077421.)

When the burglars were gone, the victims remained "panicked and scared." (*Aparicio I*, *supra*, E077421.) A.N. did not call the police because she feared retaliation. A few hours later, M.N. reported that his truck had been stolen, but he did not report the burglary because he was "very scared of what had happened" and "there were so many weapons and you never know what could happen." (*Aparicio I*, *supra*, E077421.)

A jury found defendant guilty of kidnapping to commit robbery (Pen. Code,[2] § 209, subd. (b)(1); counts 1-3); false imprisonment by violence or menace (§§ 236, 237, subd. (a); counts 4-5); first degree burglary (§§ 459, 460, subd. (a); count 6); assault with a firearm (§ 245, subd. (a)(2); counts 7-8); carjacking (§ 215, subd. (a); count 9); criminal threats (§ 422; counts 10-11); and first degree robbery (§§ 211, 212.5, subd. (a); counts 12-15). With respect to all of the counts except for counts 7 and 8, the jury found true the allegation that defendant participated as a principal knowing another principal was armed with a firearm, where the arming was not an element of the offense (§ 12022, subd. (a)(1)).

The trial court found true that defendant had previously been convicted of assault with a deadly weapon (§ 245, subd. (a)(1)), which constituted a strike prior (§§ 667,

---

[2] All future statutory references are to the Penal Code unless otherwise stated.

subds. (c), (e)(1), 1170.12, subd. (c)(1)) and a prior serious felony (§ 667, subd. (a)).  The trial court sentenced defendant to a determinate term of 40 years, eight months, followed by an indeterminate term of 42 years to life.

Defendant subsequently appealed.  She argued substantial evidence did not support her criminal threat conviction and that the matter must be remanded for resentencing under newly enacted legislation.  (*Aparicio I*, *supra*, E077421.)  We affirmed the judgment of conviction but vacated defendant's sentence and remand the matter for a full resentencing hearing.  (*Ibid.*)

The resentencing hearing was held on March 1, 2024.  Following argument by the parties, the trial court sentenced defendant to the same term it had previously imposed: a determinate term of 40 years, eight months, followed by an indeterminate term of 42 years to life.  The court explained its ruling, in pertinent part, as follows:  "The court again indicated the court is aware of its discretion.  The court is also—I will consider any and all factors that is required, including any potential heavyweight, lightweight issues, potential duress, mental health issues, racial impact issues.  The court is considering all of these factors in its decision with respect to the conduct in this case.  [¶]  The court does feel after listening to the evidence in this case that this was an egregious crime.  And I do find her to be a major participant and an active participant in this crime that was done to a number of individuals in that home. The terror that was inflicted on the individuals based on the facts and circumstances of this crime, the court already selecting the midterm, the court still feels in exercising its discretion that the primary count should be Count 12 and

5

will continue to impose its 12 years plus one, that's six times two plus one for the enhancement.  [¶]  All other findings and sentencing the court is going to reiterate from the previous sentencing hearing and impose that same sentence and indicate for the record that if given discretion back then or now the court still arrives at the same decision as far as the sentencing.  [¶]  And I am also going to direct the court assistant to amend the abstract to reflect the robbery counts were first degree and therefore should reflect the proper sentencing triad under Penal Code Section 213(a)(1)(1)."  Defendant timely appealed.

III.

DISCUSSION

After defendant appealed, upon her request, this court appointed counsel to represent her.  Upon examination of the record, counsel has filed a brief under the authority of *People v. Wende*, *supra*, 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issue and requesting this court to conduct an independent review of the record. Counsel has identified the potential issue of whether the trial court abused its discretion with its sentencing choices.[3]

We offered defendant an opportunity to file a personal supplemental brief, but she has not done so.

---

[3] We agree with counsel that the *Wende* procedure is appropriate in this case, and *People v. Delgadillo* (2022) 14 Cal.5th 216 does not apply.

An appellate court conducts a review of the entire record to determine whether the record reveals any issues which, if resolved favorably to defendant, would result in reversal or modification of the judgment. (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442; *People v. Feggans* (1967) 67 Cal.2d 444, 447-448; *Anders v. California*, *supra*, 386 U.S. at p. 744; see *People v. Johnson* (1981) 123 Cal.App.3d 106, 109-112.)

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

IV.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

McKINSTER
Acting P. J.

MILLER
J.

7